Henry **BENITEZ**, Plaintiff–Appellant,

v.

D. **WOLFF**, J. **Kihl**,
Defendants–Appellees.

No. 1434, Docket 90–2014.

United States Court of Appeals,
Second Circuit.

Argued June 11, 1990.

Decided June 28, 1990.

Henry Benitez, Dannemora, N.Y., plaintiff-appellant pro se.

Before MESKILL, WINTER, and PRATT, Circuit Judges.

PER CURIAM:

Henry Benitez, plaintiff *pro se*, appeals from a judgment of the United States District Court for the Western District of New York, Michael A. Telesca, *Chief Judge*, dismissing, *sua sponte*, his § 1983 complaint as frivolous under 28 U.S.C. § 1915. Because the district court misconstrued Benitez's complaint, we reverse and remand.

Benitez is currently incarcerated at Auburn Correctional Facility. On February 27, 1988, during his incarceration at Attica Correctional Facility, a misbehavior report was filed against him; a copy was delivered to him the next morning. Later that day, a second misbehavior report was filed, and Benitez was taken to the Special Housing Unit (SHU). He was not allowed to bring his copy of the first misbehavior report with him to SHU. The next morning, March 1, Benitez received a copy of the second misbehavior report, but that afternoon, he was moved to another cell and again was prevented from taking his copy of the report with him. Benitez's disciplinary hearing on the charges in both reports was held on the afternoon of March 2. He was found guilty on all but one of the misbehavior charges; for punishment, he lost telephone privileges as well as good time credits and was remanded to SHU for 180 days.

■ Benitez filed a complaint under 42 U.S.C. § 1983 alleging that the hearing officer and the corrections officer in SHU had violated his due process rights, because they did not allow him to have the reports for 24 hours prior to the hearing, thus hampering his ability to know of the specific charges and to prepare his defense.

Upon reviewing Benitez's request to proceed *in forma pauperis*, the district court construed his complaint as alleging that "defendants failed to provide him with adequate notice of disciplinary charges lodged against him." Believing that Benitez claimed he had not been served with the misbehavior reports at least 24 hours prior to the disciplinary hearing, as required by *Wolff v. McDonnell*, 418 U.S. 539, 564, 94 S.Ct. 2963, 2978, 41 L.Ed.2d 935 (1974); and finding that it was indisputable that Benitez had been given at least 24 hours' notice of both reports; the district court dismissed Benitez's complaint *sua sponte* as frivolous, and therefore did not order service of process on the defendants. Such dismissal was improper.

■ Although the small printing of his hand-written complaint is difficult to read, careful study of Benitez's claims shows that he is not complaining of a complete lack of service or notice, but that he "was denied [possession of] both misbehavior reports on the very days of service of the same", and this violated "his due process rights to no less than 24-hours *with possession* of the formal charges to prepare a proper defense thereto" (emphasis added). Benitez's complaint thus focuses on his right to prepare his defense against the disciplinary charges, not on their timely service. This is a colorable claim of right, *see Wolff*, 418 U.S. at 564, 94 S.Ct. at 2978 (inmate has a right to written statement of the charges prior to a disciplinary hearing

in order to prepare a defense); *see also Eng v. Coughlin,* 858 F.2d 889, 897–98 (2d Cir.1988) (inmate is entitled to assistance in presenting a defense to disciplinary charges when confined in SHU), that deserves more than summary dismissal before the filing of an answer. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).

■ *Sua sponte* dismissal of a *pro se* complaint prior to service of process is a "draconian device", *Elliott v. Bronson,* 872 F.2d 20, 21 (2d Cir.1989); *Robles v. Coughlin,* 725 F.2d 12, 15 (2d Cir.1983), which is warranted only when the complaint "lacks an arguable basis either in law or in fact." *Neitzke,* 109 S.Ct. at 1831; *see Robles,* 725 F.2d at 14 ("frivolous on its face or wholly insubstantial"). Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer. *Robles,* 725 F.2d at 16; *Cunningham v. Ward,* 546 F.2d 481, 482 (2d Cir. 1976); *see Neitzke,* 109 S.Ct. at 1834. Benitez has stated a colorable claim that his due process rights were violated because he was hampered in the preparation of his defense to misbehavior charges by being deprived of possession of the misbehavior reports soon after they were served upon him. Therefore, it was not frivolous and should not have been dismissed under 28 U.S.C. § 1915(d).

Without commenting on the merits of Benitez's complaint, or even on whether it can survive a rule 12(b)(6) dismissal, we reverse and remand the case for further proceedings.