**David S. OSUCH**

v.

**State Trooper GREGORY
and Joseph E. Lopez**

**No. 3:03CV1687(WWE).**

United States District Court,
D. Connecticut.

Feb. 13, 2004.

David S. Osuch, Cheshire, CT, pro se.

### ORDER OF DISMISSAL

EGINTON, Senior District Judge.

The plaintiff, David S. Osuch ("Osuch"), an inmate currently confined at the Garner Correctional Institution in Newtown, Connecticut, brings this civil rights action *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915. He names as defendants Connecticut State Trooper Gregory and Assistant Public Defender Joseph E. Lo-pez. Osuch alleges that defendant Gregory arrested him without probable cause because the arrest warrant was not signed. In addition, he alleges the defendant Lopez afforded him ineffective assistance of counsel and conspired with the prosecutor to secure his guilty plea. For the reasons that follow, the complaint will be dismissed without prejudice.

### I. *Standard of Review*

Osuch has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed *in forma pauperis* in this action. When the court grants *in forma pauperis* status, section 1915 requires the court to conduct an initial screening of the complaint to ensure that the case goes forward only if it meets certain requirements. "[T]he court shall dismiss the case at any time if the court determines that ... the action ... is frivolous or malicious; ... fails to state a claim on which relief may be granted; or ... seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)—(iii).

An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Nance v. Kelly,* 912 F.2d 605, 606 (2d Cir.1990) (per curiam) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989)). A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, *Benitez v. Wolff,* 907 F.2d 1293, 1295 (2d Cir.1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint. *See Pino v. Ryan,* 49 F.3d 51, 53 (2d Cir.1995).

*Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir.1998). The court construes *pro se* complaints liberally. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Thus, "when an *in forma pauperis* plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under § 1915(e)(2)(B)(i) even if the complaint fails to 'flesh out all the required details.'" *Livingston,* 141 F.3d at 437 (quoting *Benitez,* 907 F.2d at 1295). The court exercises caution in dismissing a case under section 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. *See Neitzke v. Williams,* 490 U.S. 319, 329, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

A district court must also dismiss a complaint if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. 19159(e)(2)(B)(ii) ("court shall dismiss the case at any time if the court determines that ... (B) the action or appeal ... (ii) fails to state a claim upon which relief may be granted"); *Cruz v. Gomez,* 202 F.3d 593, 596 (2d Cir.2000) ("Prison Litigation Reform Act ... which redesignated § 1915(d) as § 1915(e) [ ] provided that dismissal for failure to state a claim is mandatory"). In reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to the plaintiff. *Cruz,* 202 F.3d at 596 (citing *King v. Simpson,* 189 F.3d 284, 287 (2d Cir.1999)). Dismissal of the complaint under 28 U.S.C. 1915(e)(2)(B)(ii), is only appropriate if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 597 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would suc-

ceed in stating a claim," the court should permit "a *pro se* plaintiff who is proceeding *in forma pauperis* " to file an amended complaint that states a claim upon which relief may be granted. *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir.1999).

A district court is also required to dismiss a complaint if the plaintiff seeks monetary damages from a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *Spencer v. Doe,* 139 F.3d 107, 111 (2d Cir.1998) (affirming dismissal pursuant to § 1915(e)(2)(B)(iii) of official capacity claims in § 1983 action because "the Eleventh Amendment immunizes state officials sued for damages in their official capacity").

## II. *Discussion*

In order to state a claim for relief under section 1983 of the Civil Rights Act, Osuch must satisfy a two-part test. First, he must allege facts demonstrating that the defendants are persons acting under color of state law. Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 930, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Washington v. James,* 782 F.2d 1134, 1138 (2d Cir.1986).

### A. *Injunctive Relief*

Osuch requests injunctive relief from the defendants in the form of orders that both defendants be suspended without pay while disciplinary charges against them are resolved, both defendants be investigated by a state grand jury for obstruction of justice and conspiracy, defendant Lopez be demoted, his guilty plea be withdrawn, his conviction be expunged and both defendants be prohibited from transferring as-

sets or influencing correctional staff to transfer him without his consent.

### 1. Requests Relating to Osuch's Conviction

█ A claim for injunctive relief challenging a conviction is not cognizable in a civil rights action. "A state prisoner may not bring a civil rights action in federal court under [section] 1983 to challenge either the validity of his conviction or the fact or duration of his confinement. Those challenges may be made only by petition for habeas corpus." *Mack v. Varelas*, 835 F.2d 995, 998 (2d Cir.1987) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). Thus, if Osuch seeks to withdraw his plea or have his conviction expunged, he must file a petition for a writ of habeas corpus.

█ The court is unable to construe the complaint as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. A prerequisite to habeas corpus relief is the exhaustion of all available state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 190 (2d Cir.1982), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is not jurisdictional; rather, it is a matter of federal-state comity. *See Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971) (per curiam). The exhaustion doctrine is designed not to frustrate relief in the federal courts, but rather to give the state court an opportunity to correct any errors which may have crept into the state criminal process. *See id.* "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See O'Sullivan*, 526 U.S. at 845, 119 S.Ct. 1728.

█ The Second Circuit requires the district court to conduct a two-part inquiry. First, the petitioner must have raised before an appropriate state court any claim that he asserts in a federal habeas petition. Second, he must have "utilized all available mechanisms to secure appellate review of the denial of that claim." *Lloyd v. Walker*, 771 F.Supp. 570, 573 (E.D.N.Y.1991) (citing *Wilson v. Harris*, 595 F.2d 101, 102 (2d Cir.1979)). "To fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims to the highest court of the pertinent state." *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir.1994), *cert. denied*, 514 U.S. 1054, 115 S.Ct. 1436, 131 L.Ed.2d 316 (1995) (internal citations and quotation marks omitted). *See also Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir.1990) ("[T]he exhaustion requirement mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the petition."); *Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir.1991) (same).

█ Osuch does not allege facts in his complaint suggesting that he has exhausted his state court remedies before commencing this action. Thus, the court cannot construe this complaint as a petition for a writ of habeas corpus.

### 2. Requests Relating to Charges Against Defendants

Osuch asks this court to order the demotion of defendant Lopez, the suspension of

both defendants and a state grand jury investigation.

"Generally, to obtain a permanent injunction a party must show the absence of an adequate remedy at law and irreparable harm if the relief is not granted." *New York State Nat'l Org. for Women v. Terry,* 886 F.2d 1339, 1362 (2d Cir.1989) (citing *Rondeau v. Mosinee Paper Corp.,* 422 U.S. 49, 57, 95 S.Ct. 2069, 45 L.Ed.2d 12 (1975)). To demonstrate irreparable harm, plaintiff must show an " 'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.' " *Forest City Daly Housing, Inc. v. Town of North Hempstead,* 175 F.3d 144, 153 (2d Cir.1999) (quoting *Rodriguez v. DeBuono,* 162 F.3d 56, 61 (2d Cir.1998)). In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity." *Vorbeck v. McNeal,* 407 F.Supp. 733, 739 (E.D.Mo.), *aff'd,* 426 U.S. 943, 96 S.Ct. 3160, 49 L.Ed.2d 1180 (1976).

■■■ To the extent that Osuch seeks the criminal prosecution of either defendant, his claim is not cognizable. An alleged victim of a crime does not have a right to have the alleged perpetrator investigated or criminally prosecuted. *See R.S. v. D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Sattler v. Johnson,* 857 F.2d 224, 227 (4th Cir.1988) (neither member of public at large nor victim of a crime has· constitutional right to have defendant prosecuted).

■■■ Regarding other disciplinary action, research has revealed no federal constitutional right to have disciplinary proceedings instituted against any defendant. Because Osuch has no right to the requested relief, the court concludes that there is

no compelling necessity for this injunction. In addition, even if these claims were cognizable, Osuch has not demonstrated that an award of money damages would not have been sufficient to address his injuries. Thus, all claims seeking injunctive relief against the defendants in the form of disciplinary actions or criminal investigations are dismissed.·

### 3. *Request Relating to Transfer*

■■■ Osuch asks the court to order the defendants not to exert any influence over correctional staff to have him transferred to any ·other correctional facility. Osuch has no constitutionally protected right to be confined in any particular correctional facility. *See Olim v. Wakinekona,* 461 U.S. 238, 248, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983) (inmates have no right to be confined in a particular state or a particular prison within a given state); *Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (inmate has no protected interest in avoiding transfer to prison with more severe rules or more disagreeable conditions). Thus, this request also is denied.

### 4. ·*Request Regarding Defendants' Assets*

■■■ Finally, Osuch asks the court to order the defendants not to transfer any assets during the pendency of this action. Osuch has alleged no fact suggesting that either defendant has taken steps to hide or transfer assets. Thus, this request is based only on Osuch's speculation about possible events.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.' " *Buffalo Forge Co. v. Ampco–Pittsburgh Corp.,* 638 F.2d 568, 569 (2d Cir.1981) (quoting *Medical Society of New York v. Toia,* 560

F.2d 535, 538 (2d Cir.1977)). In this circuit the standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." *Brewer v. West Irondequoit Central Sch. Dist.*, 212 F.3d 738, 743–44 (2d Cir.2000).

Speculation does not satisfy the requirement that Osuch demonstrate that he will suffer irreparable harm should the relief be denied. Accordingly, this request for relief is denied.

### B. *State Trooper Gregory*

Osuch alleges that he was arrested without probable cause because the copy of the arrest warrant affidavit he received was not signed by a judge. Osuch later pled guilty to the charges of assaulting correctional officers.

 The Supreme Court has held that: [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Thus, if a criminal defendant pleads guilty to an offense, he may not later raise a Fourth Amendment challenge to any events preceding the plea. *See United States v. Gregg*, No. 01 CR. 501(LAP), 2002 WL 1808235, at *2 (S.D.N.Y. Aug.6, 2002). Accordingly, courts have recognized that a conviction, either after trial or pursuant to a guilty plea, demonstrates probable cause for the arrest and bars a false arrest claim. *See United States v. Arango*, 966 F.2d 64, 66 (2d Cir.1992) (holding that guilty plea constituted waiver of right to object to constitutionality of search of vehicle); *Cameron v. Fogarty*, 806 F.2d 380, 388–89 (2d Cir.1986) (concluding that "where law enforcement officers have made an arrest", the resulting conviction is a defense to a § 1983 action asserting that the arrest was made without probable cause); *Perlleshi v. County of Westchester*, No. 98 CIV. 6927(CM), 2000 WL 554294, at *3–*4 (S.D.N.Y. Apr.24, 2000) (holding that plaintiff's guilty plea defeated his claim that defendants lacked probable cause to arrest and prosecute him); *Papeskov v. Brown*, No. 97 Civ. 5351, 1998 WL 299892, at *5 (S.D.N.Y. June 8, 1998) (holding that guilty plea to lesser charge barred false arrest claim) (collecting cases).

 Osuch alleges that he pled guilty to the assault charge. Thus, his false arrest claim is barred and all claims against defendant Gregory are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Osuch also alleges that his guilty plea was invalid because he was afforded ineffective assistance of counsel. As discussed below, the court cannot consider that claim at this time.

### C. *Public Defender Lopez*

The court next considers Osuch's claims against defendant Lopez, his public defender.

A defendant acts under color of state law when he exercises "some right or privilege created by the State ... or by a person for whom the State is responsible," and is "a person who may fairly be said to be a state actor." *See Lugar*, 457 U.S. at

937, 102 S.Ct. 2744. Generally, a public employee acts under color of state law when he acts in his official capacity or exercises his responsibilities pursuant to state law. *See West v. Atkins,* 487 U.S. 42, 50, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The Supreme Court has recognized an exception to the general rule for public defenders while they are performing the traditional function of counsel for criminal defendants. *See Polk County v. Dodson,* 454 U.S. 312, 317, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Rodriguez v. Weprin,* 116 F.3d 62, 65–66 (2d Cir.1997); *Housand v. Heiman,* 594 F.2d 923, 924–25 (2d Cir. 1979). "[W]hen representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for the purposes of section 1983 because he 'is not acting on behalf of the State; he is the State's adversary.'" *West,* 487 U.S. at 50, 108 S.Ct. 2250 (quoting *Polk County,* 454 U.S. at 323 n. 13, 102 S.Ct. 445).

■ Osuch alleges that defendant Lopez, his public defender in a state criminal matter, afforded him ineffective assistance in that he ignored the defective warrant application and the fact that Osuch was taking various medications for mental health problems at the time of the alleged assault and, instead, urged Osuch to plead guilty to the charge.

Representing a client at trial is part of the traditional function of counsel to a criminal defendant. Because public defenders do not act under color of state law while defending a criminal action, these claims against defendant Lopez are not cognizable under section 1983.

■ If a public defender conspires with a state official to deprive a criminal defendant of his constitutional rights, however, the public defender is deemed to have been acting under color of state law. *See Tower v. Glover,* 467 U.S. 914, 920–22,

104 S.Ct. 2820, 81 L.Ed.2d 758 (1984). Here, Osuch alleges that defendant Lopez conspired with the prosecutor to deprive him of due process.

■ The Second Circuit has held that to state a claim of conspiracy under section 1983, the complaint must contain more than mere conclusory allegations. *See Gyadu v. Hartford Ins. Co.,* 197 F.3d 590, 591 (2d Cir.1999) (restating previous holding that vague, general or conclusory allegations of conspiracy are insufficient to withstand motion to dismiss); *Dwares v. City of New York,* 985 F.2d 94, 99–100 (2d Cir.1993) (citing cases). In this case, Osuch presumes that all of the alleged deficiencies are attributable to the purported conspiracy. He fails to allege any facts showing that defendant Lopez and the prosecutor agreed to obtain his conviction. This assumption is insufficient to state a cognizable claim for conspiracy.

■ Further, even if Osuch had stated a claim of conspiracy, the claims against defendant Lopez should be dismissed. If Osuch were to prevail on his claim for damages, the court would have to conclude that he was afforded ineffective assistance of counsel. Thus, Osuch's conviction necessarily would be called into question.

[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has

not been so invalidated is not cognizable under [section] 1983. Thus, when a state prisoner seeks damages in a [section] 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated.

*Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (footnote omitted). Osuch does not indicate whether he filed a direct appeal or a state habeas petition challenging his conviction. Because Osuch fails to demonstrate that his conviction has been invalidated, he fails to state a claim cognizable under section 1983. Thus, the court concludes that any amendment would be futile. The claims for damages against defendant Lopez are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In addition, Osuch sees declaratory relief against defendant Lopez. He asks the court to state that defendant Lopez violated his constitutional rights and afforded him ineffective assistance of counsel, that is, that he has proven his claims against defendant Lopez. The court has concluded that Osuch's claims against defendant Lopez are not cognizable at this time. Thus, his requests for declaratory relief are dismissed as well.

### III. *Conclusion*

The complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Osuch may refile his claims after his conviction has been called into question provided he can allege facts to correct the deficiencies identified above. Any appeal from this order would not be taken in good faith. The Clerk is directed to close this case.