Edward E. BARBER, Plaintiff–Appellant,

v.

UNITED STATES ATTORNEY'S OFFICE FOR THE NORTHERN DISTRICT, et al., Defendants–Appellees.

No. 05–2038–PR.

United States Court of Appeals, Second Circuit.

Jan. 19, 2006.

Edward E. Barber, Reidsville, Georgia., for Appellant, pro se.

Glen T. Suddaby, United States Attorney, Charles E. Roberts, Assistant United States Attorney, the Northern District of New York, Syracuse, New York, for Appellees.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. LEWIS A. KAPLAN, District Judge.*

### SUMMARY ORDER

Edward E. Barber appeals from the district court's *sua sponte* dismissal of his amended complaint, pursuant to 28 U.S.C. § 1915(e)(2). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews *de novo* a district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e), *see Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205 (2d Cir.2002), and its dismissal based on a lack of subject matter jurisdiction, *see Celestine v. Mount Vernon Neighborhood Health Center*, 403 F.3d 76, 79–80 (2d Cir.2005). A complaint may be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), or if it "lacks an arguable basis either in law or in fact," *Benitez v. Wolff*, 907 F.2d 1293, 1294 (2d Cir.1990).

To come within the subject matter jurisdiction of the federal courts, as set forth in 28 U.S.C. §§ 1331 and 1332, a plaintiff must plead either a colorable claim arising under the Constitution or laws of the United States, or a claim between parties of diverse state citizenship with damages that exceed $75,000. *See Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir.2000); 28 U.S.C. §§ 1331, 1332.

---

* The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

506

Barber's amended complaint simply alleged that, because professional football games are broadcasted in his Georgia prison, his "civil and constitutional" rights had been violated. Barber has not alleged any facts nor provided any legal analysis suggesting that any federal rights are actually implicated by his claim. Therefore, Barber did not sufficiently plead a colorable claim of federal question jurisdiction under § 1331. *See Da Silva*, 229 F.3d at 363.

Even if Barber's action did properly plead federal question jurisdiction, the proper venue for such an action would be in Georgia under 28 U.S.C. § 1391(b). Barber's amended complaint is absent of any allegations regarding any events or omissions that occurred in the Northern District of New York or any defendant who resides or may be found in that district.

Finally, Barber failed to allege diversity jurisdiction in his complaint, because he did not allege that his citizenship differs from that of all of the defendants or that the amount in controversy was in excess of $75,000 as required under § 1332.

For the foregoing reasons, the district court properly dismissed Barber's amended complaint and the judgment of the district court is affirmed. It is further ordered that, because Barber's appeal lacks merit, the motion for appointment of counsel is denied.