16-1800-pr
Linares v. Annucci

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of October, two thousand seventeen.

PRESENT:  PETER W. HALL,
GERARD E. LYNCH
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

---------------------------------------------------------------------

JORGE LINARES,

*Plaintiff-Appellant*,

ROBERT WATT, TIMOTHY BEDELL,

*Plaintiffs*,

v.                                                        No. 16-1800-pr

ANTHONY ANNUCCI, ACTING COMMISSIONER, TINA MARIE STANFORD, CHAIRPERSON BOARD OF PAROLE, WALTER WILLIAM SMITH, JR., JAMES FERGUSON, CHRISTINA HERNANDEZ, G. KEVIN LUDLOW, LISA BETH ELOVICH, SALLY THOMPSON, JOSEPH CRANGLE, EDWARD SHARKEY, MARC COPPOLA, ELLEN ALEXANDER, GAIL HALLERDIN, JULIE SMITH, OTIS CRUSE,

*Defendants.*[*]

---------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the official caption to conform to the above.

1

FOR PLAINTIFF-APPELLANT:

MEGAN MCGLYNN, Yale Law School Appellate Litigation Project, New Haven, CT (Robin Burrell, Yale Law School Appellate Litigation Project, New Haven, CT; Issa Kohler-Hausmann, Yale Law School, New Haven, CT; Tadhg Dooley, Wiggin and Dana LLP, New Haven, CT; Benjamin M. Daniels, Wiggin and Dana LLP, New Haven, CT, *on the brief*).

FOR *AMICUS CURIAE* THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL:

KATE H. NEPVEU, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a May 3, 2016 judgment of the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED AND REMANDED**.

Plaintiff-Appellant Jorge Linares appeals from a judgment of the district court dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Linares, a New York state prisoner, filed an *in forma pauperis pro se* class action complaint on behalf of all New York state prisoners who had been denied or would soon become eligible for parole. He claimed that New York's parole statutes violated, among other things, the Due Process Clause of the Fourteenth Amendment. Specifically, Linares alleged that New York's parole scheme vested the Board of Parole with "standardless and unfettered discretion" and made it impossible to "rationally, fairly, consistently, and non-arbitrarily" "predict whether a person will remain law abiding if released on parole" in individual cases. App. 13, 16. Linares did not allege that he had been denied parole, asserting instead that he and the other plaintiffs had been either denied parole *or* would "soon become eligible for parole consideration." App. 11.

Before the Defendants—the Acting Commissioner of the New York State Department of Corrections and Community Supervision and individuals on the Board of

2

Parole—were served, the district court *sua sponte* determined that Linares's complaint failed to state a claim upon which relief could be granted and therefore had to be dismissed.[1]  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  With respect to Linares's due process claim, the district court relied on decisions from this Court concluding that New York prisoners do not have a parole interest that is protected by the Due Process Clause of the Fourteenth Amendment.  Although the district court also recognized that Linares and other New York prisoners had a limited due process right "not to be denied parole in an arbitrary or capricious manner," the district court concluded that Linares was not asserting any such claim.  App. 35.  He was instead challenging "the statutory and regulatory guidelines on behalf of all prisoners in [New York state custody]."  App. 35.

Linares now appeals the dismissal of his complaint and advances two arguments, both first raised on appeal.  First, he asserts that recent amendments to New York state's parole statutes created a due process right to parole for New York state prisoners.  Second, he contends that the district court erred by dismissing his complaint without giving him leave to amend it "to raise individualized claims."  Appellant's Br. 52.  We vacate and remand.

"We review *de novo* a district court's dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)."  *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (per curiam).  A "*pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (alterations and internal quotation marks omitted).  "Further, when the plaintiff proceeds *pro se*, as in this case, a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."  *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).  This Court has frequently reiterated that "[s]*ua sponte* dismissal of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court."  *Moorish Sci. Temple of Am., Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982); *see also Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis either in law or in fact.  Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer." (citations and internal quotation marks omitted)).  To the extent that Linares challenges the district court's failure to give him leave to amend his complaint, however, we review only for an "abuse of discretion,

---

[1] Even though the Defendants were not served, the New York State Office of the Attorney General has appeared in this appeal as *amicus curiae*.

3

keeping in mind that leave to amend should be freely granted when justice so requires."[2] *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015) (internal quotation marks omitted).

### 1. The Recent Amendments to New York's Parole Statutes

Linares's principal argument on appeal is that recent amendments to New York's parole statutes, *compare, e.g.*, N.Y. Exec. Law. § 259-c (McKinney 2012), *with, e.g.*, N.Y. Exec. Law. § 259-c (McKinney 2010), affected this Court's prior conclusion that "because the New York parole scheme is not one that creates a legitimate expectancy of release, prisoners have no liberty interest in parole, and the protections of the Due Process Clause are inapplicable." *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) (alteration and internal quotation marks omitted); *see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7–16 (1979); *Barna v. Travis*, 239 F.3d 169, 170–71 (2d Cir. 2001) (per curiam); *Boothe v. Hammock*, 605 F.2d 661, 664–65 (2d Cir. 1979).

This argument was never before the district court. We generally refrain from ruling "on issues not raised below," *Adelphia Bus. Sols., Inc. v. Abnos*, 482 F.3d 602, 607 (2d Cir. 2007), and adhere to that general rule here.

We also recognize, however, that Linares did not have a full opportunity to present his argument on appeal to the district court. Although the district court was not presented with the argument Linares now makes on appeal, and it is understandable that the court could not anticipate that Linares intended to invoke the recent amendments to the parole statutes, it is possible that Linares's complaint might state a claim on which relief could be granted.

We therefore conclude that the most appropriate course of action is to vacate the judgment of the district court and remand for that court to order Linares to serve the defendants and thereafter for that court to conduct such proceedings as may be appropriate for it to consider the recent amendments to the parole statute. Of course, at this juncture, we express no view on whether those amendments alter our prior decisions on the due process implications of the New York parole scheme.

---

[2] Although our review over the denial of leave to amend is *de novo* when amendment is denied on the ground that it would be futile, *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015), the district court did not conclude that amendment would be futile.

4

## 2. Leave to Amend as to Linares's Individual Claim

Linares also argues that the district court erred by failing to give him leave to amend his complaint to raise an individual claim of deprivation of his due process right to parole. He specifically contends that his complaint could state a valid claim because, as the district court noted, he had an individual right not to be denied parole arbitrarily. *See Graziano*, 689 F.3d at 115–16.

Even when Linares's complaint is liberally construed, however, it did not raise an individual claim that he had been denied parole in an arbitrary manner. Linares did not allege that he had been denied parole and provided no allegations regarding his experience before the Board of Parole. The lack of such allegations, when combined with the contentions Linares did raise on behalf of the class he was seeking to represent, leaves no doubt that the claim Linares sought to raise was that New York's parole scheme violated the Fourteenth Amendment's Due Process Clause because the scheme could not be applied to *anyone* "fairly, consistently, and non-arbitrarily." App. 16. In other words, Linares challenged the standards by which parole was granted or denied, not the denial of parole in any individual case, including his own. That challenge is distinct from the claim Linares now seeks to amend his complaint to include. Thus, Linares's reliance on the non-precedential order in *Robles v. Evans*, 480 F. App'x 86 (2d Cir. 2012) (summary order), is misplaced because, as Linares himself admits, the plaintiff in that case challenged the "denial of *his* release on parole." *Id.* at 87 (emphasis added).

Under such circumstances, the district court did not abuse its discretion when it declined to give Linares the opportunity to amend his complaint. Because we have already determined that it is appropriate to remand this case to the district court, however, we leave it to that court to determine on remand whether Linares may amend his complaint to raise an individual claim if Linares seeks leave to do so.

Accordingly, we **VACATE** the judgment of the district court and **REMAND** for consideration, following prompt service on the Defendants, of whether Linares's complaint may be amended and whether it states a claim on which relief can be granted in light of the recent amendments to New York's parole statutes.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court