18-1350-cv
*Brown v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand nineteen.

PRESENT:   RICHARD C. WESLEY,
           DENNY CHIN,
           JOSEPH F. BIANCO,
                     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARGIE BROWN,

                     *Plaintiff-Appellant,*

           v.                                    18-1350-cv

CITY OF NEW YORK, RALPH BROWN, MRS. VASQUEZ, ROSE NANTENGO, ELISA SANCHEZ, L. MORRISON, SUSAN NAYOKITH, MS. SHOUN, DHS MAGNOLIA SHELTER SUPERVISOR, ANDRI ZATALOKIN, DHS PROGRAM ANALYST, JASON TUTTLE, DHS RECORDS OFFICER,

                     *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      JONATHAN ROMBERG, Seton Hall University School of Law, Center for Social Justice, Newark, New Jersey.

FOR DEFENDANTS-APPELLEES:      No appearance.

FOR AMICUS CURIAE CITY OF      INGRID R. GUSTAFSON, Assistant
NEW YORK:                      Corporation Counsel (Richard Dearing, Fay S.
                               Ng, Assistant Corporation Counsels, *on the
                               brief*), *for* Zachary W. Carter, Corporation
                               Counsel of the City of New York, New York,
                               New York.[1]

Appeal from the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Margie Brown appeals from a judgment entered by the district court on April 20, 2018 dismissing *sua sponte* her *pro se*, *in forma pauperis* complaint against the City of New York and several employees from the Department of Homeless Services ("DHS") (collectively, "Defendants") for damages resulting from alleged dangerous conditions and negligent treatment that she experienced at New York City homeless shelters. The district court's reasoning was set forth in a memorandum and order entered April 12, 2018.

Brown alleges violations of her rights under federal and state law in connection with her stays in the New York City homeless shelter system. We assume

---

[1]     Defendants were never served with process in this action, and the City now appears as *amicus curiae*.

the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

As alleged in the complaint, Brown has been a client of DHS since December 13, 2013.  Since then, Brown has filed many complaints against DHS employees and other city officials, alleging various instances of abuse, harassment, and threats from other shelter residents.  Brown was transferred from DHS's Magnolia shelter to the Tillary Street shelter in September 2016.  While at the Tillary Street shelter, Brown was allegedly subjected to numerous incidents of harassment and abuse ranging from physical attacks, to being threatened by residents, to having blood thrown on her while she was asleep.

Brown brought suit in both the Southern District of New York and the Eastern District of New York.  The Southern District of New York action was transferred to the Eastern District of New York, where the cases were consolidated.  The district court then exercised its power under 28 U.S.C. § 1915(e)(2)(B) and dismissed Brown's complaint *sua sponte* after concluding that the complaint did not state a claim under federal law for which relief could be granted.

### STANDARD OF REVIEW

We review *de novo* a district court's *sua sponte* dismissal of an *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (per curiam).  We accept as true all facts described in the

3

complaint but need not accept "conclusory allegations or legal conclusions couched as factual [] allegations." *Id.* (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014)).

Under § 1915(e)(2), a district court "shall dismiss [a] case at any time if the court determines that" the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a 'draconian device,' which is warranted only when the complaint lacks an arguable basis either in law or in fact." *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) (citations and internal quotation marks omitted).

*DISCUSSION*

On appeal, Brown challenges the district court's dismissal of her 42 U.S.C. § 1983 claim alleging constitutional violations of her substantive due process rights and the dismissal of her other remaining claims.

1.    *Substantive Due Process Claim*

The Due Process Clause "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (internal quotation marks omitted). As a general rule, however, the Due Process Clause does not require the State to protect an individual against acts of violence committed by a private party.

4

*See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989) ("[A] State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause.").  This Court has recognized two limited exceptions to the *DeShaney* rule that would permit substantive due process liability. These narrow exceptions apply when the state: (1) "assisted in creating or increasing the danger to the victim," or (2) had a "special relationship" with the victim.  *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008) (internal quotation marks omitted).

### a.       *State-Created Danger Exception*

To warrant substantive due process liability under the state-created danger exception, a defendant must take affirmative action that "communicates . . . official sanction of private violence" to the perpetrator.  *Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 429 (2d Cir. 2009).  The state-created danger analysis focuses on the State's affirmative interactions with the perpetrator, not the victim.  *See Pena v. DePrisco*, 432 F.3d 98, 111-12 (2d Cir. 2005); *Dwares v. City of New York*, 985 F.2d 94, 99 (2d Cir. 1993).

Here, Brown alleges that Defendants committed two affirmative acts leading to a state-created danger: (1) they transferred Brown to the Tillary Street shelter, and (2) they placed individuals who allegedly threatened her in her shelter room. These acts alone, however, do not rise to the level of conduct resembling a "state-created danger" because Brown failed to allege facts showing that Defendants officially

5

sanctioned or encouraged her perpetrators to commit the private acts of violence. Brown failed to identify facts showing that merely assigning her to a new homeless shelter or assigning her to a room with other women encouraged acts of physical violence against her.

Next, Brown contends that Defendants implicitly condoned the private violence by failing to investigate or punish the perpetrators harming her. Brown relies on this Court's decisions in *Okin* and *Pena*. Those cases -- while recognizing a potential situation where "repeated, sustained inaction by government officials" might constitute implicit "prior assurances" that violence would not be punished -- are inapplicable here. *Okin*, 577 F.3d at 428 (citation omitted). This case is unlike *Okin*, where officers repeatedly and "openly expressed camaraderie" with a physical abuser and contempt for the victim. *Id.* at 430. Similarly, this case is not akin to *Pena*, where officers encouraged a driver to drink alcohol with them and then invited him to operate a vehicle while intoxicated. *Pena*, 432 F.3d at 110-11.

Here, Brown did not allege that Defendants condoned or encouraged any violence against her. She does not allege that the Defendants' inaction constituted an implicit "prior assurance" that violence against Brown would go unpunished. *Id*. at 110 ("A failure to interfere when misconduct takes place, and no more, is not sufficient to amount to a state *created* danger." (emphasis in original)). In sum, Brown failed to allege facts that satisfy the state-created danger exception.

**b.** *Special Relationship Exception*

Another exception to the *DeShaney* rule applies when the State has a "special relationship" with the victim. *Matican*, 524 F.3d at 155. This Court has recognized that "[s]pecial relationships arise ordinarily if a government actor has assumed an obligation to protect an individual by restricting the individual's freedom in some manner." *Lombardi v. Whitman*, 485 F.3d 73, 79 n.3 (2d Cir. 2007). We have generally "focused on involuntary custody as the linchpin of any special relationship exception." *Matican*, 524 F.3d at 156.

Brown makes two arguments in asserting that Defendants created a "special relationship" and therefore had a duty to protect her. First, Brown argues that Defendants restricted her liberty by assigning her to a homeless shelter and not permitting her to leave the shelter between 10:00 p.m. and 6:00 a.m. Second, Brown argues that under this Court's decision in *Soc'y for Good Will to Retarded Children, Inc. v. Cuomo* (*Soc'y for Good Will*), 737 F.2d 1239 (2d Cir. 1984), Brown has the right to safe conditions in a government-run institution under the Due Process Clause. Both of Brown's arguments are misplaced for the following reasons.

First, Brown failed to allege facts showing that Defendants deprived Brown of her liberty. Brown argues that the Defendants established a special relationship by mandating that homeless individuals, like Brown, enter a shelter during inclement weather. New York State laws and regulations, however, do not require

7

clients to remain in homeless shelters. While they require the City to take steps to move individuals into shelters, the City cannot force individuals to stay. *See* N.Y. Exec. Order No. 151 (Jan. 3, 2016). Furthermore, once Brown elected to remain in a homeless shelter, she was required to abide by the shelter rules; she cannot establish a special relationship by claiming that the shelter's rules were too restrictive.

Second, Brown's reliance on *Soc'y for Good Will* is unpersuasive. That case -- decided five years before the Supreme Court decided *DeShaney* -- is not applicable here. In two decisions following *Soc'y for Good Will*, this Court has distinguished that case and clarified the due process rights protected after *DeShaney*. *See Suffolk Parents of Handicapped Adults v. Wingate*, 101 F.3d 818, 823 (2d Cir. 1996) (holding that Due Process Clause confers no affirmative right to governmental aid and recognizing only one exception to this rule: "when the State takes a person into its custody and *holds him there against his will*" (emphasis in original) (internal quotations omitted)); *Brooks v. Giuliani*, 84 F.3d 1454, 1466 (2d Cir. 1996) (holding that "involuntary nature of the commitment was determinative" to Supreme Court's analysis of special-relationship exception). Therefore, this Court has generally "focused on involuntary custody" in analyzing the special relationship exception. *See Matican*, 524 F.3d at 156. Because Brown failed to allege facts showing she was involuntarily held in custody, Brown failed to establish a special relationship.

8

**2.** *Remaining Claims*

**a.** *Municipal Liability*

We affirm the district court's dismissal of Brown's section 1983 claim for municipal liability based on the alleged violation of her substantive due process rights. To plead a municipal liability claim, Brown must allege "that [s]he suffered the denial of a constitutional right that was caused by an official municipal policy or custom." *Bellamy v. City of New York*, 914 F.3d 727, 756 (2d Cir. 2019). Where, as here, the complaint failed to allege that Defendants' conduct violated Brown's constitutional rights, the municipality is generally not liable for the policy or custom pursuant to which the conduct was performed.

**b.** *Unlawful Search and Seizure under the Fourth Amendment*

Brown further contends that her Fourth Amendment right to be secure in her papers and effects against unreasonable seizures and her statutory rights to privacy were violated because she discovered her personal emails in DHS case records. Brown, however, alleged no facts identifying an unlawful search or seizure of her emails or private email account. Accordingly, Brown's Fourth Amendment claim is without merit.

**c.** *State Tort Claims*

Finally, Brown contends that her complaint states viable claims under state tort law. Brown's complaint contains a general reference to "negligence" in the

context of her civil rights violation allegations and mentions several instances of "negligent" behavior by city employees. These legal conclusions, however, even viewed favorably to Brown, do not satisfy the pleading standard to plausibly state a claim for negligence under state tort law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009). As a result, we conclude that Brown's tort claims were properly dismissed.

\* \* \*

While district courts should not lightly resort to *sua sponte* dismissal of a *pro se* complaint, dismissal was proper here because, as the district court noted, the complaint is largely unintelligible and "lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Even liberally construed, Brown's complaint fails to allege a viable substantive due process claim, and her remaining claims are similarly without merit.

We have considered Brown's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

10