**14-3527-cv**
*Milan v. Wertheimer*

In the

United States Court of Appeals

For the Second Circuit

————

AUGUST TERM, 2015

SUBMITTED: OCTOBER 23, 2015
DECIDED: DECEMBER 22, 2015

No. 14-3527-cv

CRYSTAL M. MILAN,
*Plaintiff-Appellant,*

*v.*

FRED WERTHEIMER, DENISE COSTANZA, ZENOBIA PARKER, NEFREDIA
COVINGTON, and MARY DAVIS,
*Defendants-Appellees.*[1]

————

Appeal from the United States District Court
for the Eastern District of New York.
No. 14 Civ. 2448 – Sandra L. Townes, *Judge.*

————

Before: KEARSE, WALKER, and CABRANES, *Circuit Judges.*

————

[1]The Clerk of the Court is directed to amend the caption as set forth above.

In 2004, the New York City Administration for Children's Services ("ACS") removed Crystal Milan's children from her custody and placed them with her mother. Milan then brought suit for constitutional violations against her mother, two New York law guardians, a New York ACS employee, and a Pennsylvania caseworker. The United States District Court for the Eastern District of New York (Sandra L. Townes, *J.*) dismissed the suit *sua sponte*, concluding that the claims against the ACS employee and the caseworker are barred by the statute of limitations and that Milan's mother and the law guardians are not state actors for the purposes of 42 U.S.C. § 1983. We AFFIRM.

————

> CRYSTAL M. MILAN, Plaintiff-Appellant, *pro se*, Brooklyn, NY.
>
> NO APPEARANCE *for Defendants-Appellees.*

————

PER CURIAM:

In 2004, the New York City Administration for Children's Services ("ACS") removed Crystal Milan's children from her custody and placed them with her mother. Milan then brought suit for constitutional violations against her mother, two New York law guardians, a New York ACS employee, and a Pennsylvania caseworker. The United States District Court for the Eastern District

of New York (Sandra L. Townes, *J.*) dismissed the suit *sua sponte*, concluding that the claims against the ACS employee and the caseworker are barred by the statute of limitations and that Milan's mother and the law guardians are not state actors for the purposes of 42 U.S.C. § 1983.  We AFFIRM.

## BACKGROUND

On March 19, 2014, Crystal M. Milan filed a complaint *pro se*, on behalf of herself and her children, against her mother, Mary Lee Davis; New York law guardians Fred Wertheimer and Denise Costanza; New York ACS employee Nefredia Covington; and Pennsylvania caseworker Zenobia Parker.  She alleged that the defendants had violated her constitutional rights through actions they took in connection with the 2004 removal of her children from her custody and the subsequent placement of the children with Davis.  On July 3, 2014, the district court dismissed the complaint but granted Milan leave to amend.  On August 14, 2014, Milan filed an amended complaint, elaborating on the allegations she made in the initial complaint but dropping the claims brought on behalf of her children.

Milan alleges that ACS removed her children from her custody after an investigation instigated by Davis and conducted by Covington.  ACS placed the children with Davis in Pennsylvania. While the children remained with Davis, Milan alleges, the

defendants interfered in numerous ways with her relationship with her children. For example, Milan claims that Davis, Costanza, and Parker lied about Milan in court and in written reports, with the result that she was prevented from visiting and regaining custody of her children. Milan does not describe Wertheimer's misconduct, although the complaint suggests he was at one point involved in stopping Milan's visits with her children. The final event described in the complaint occurred in 2012, but Covington's involvement concluded in 2004 and Parker's in 2009.

On September 2, 2014, the district court construed Milan's claims as having been brought under 42 U.S.C. § 1983 and dismissed the complaint *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failing to state a claim on which relief may be granted. *Milan v. Wertheimer*, No. 14-CV-2448 SLT, 2014 WL 4370647, at *5 (E.D.N.Y. Sept. 2, 2014), *reconsideration denied*, No. 14-CV-2448 SLT, 2014 WL 7399305 (E.D.N.Y. Dec. 30, 2014). The district court held that the claims against Covington and Parker were barred by the three-year statute of limitations applicable to § 1983 suits in New York and that the claims against Costanza, Davis, and Wertheimer must be dismissed because they are not state actors. *Id.* at *5-*6. On September 15, 2014, Milan filed a motion for reconsideration, reiterating the arguments from her complaint, and a notice of

appeal. On December 30, 2014, the district court denied the motion for reconsideration.

**DISCUSSION**

We review *de novo* a district court's dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). We accept as true all facts described in the complaint but need not accept "conclusory allegations or legal conclusions couched as factual [] allegations." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks omitted).

**I.      The Claims against Covington and Parker**

Section 1983 actions in New York are subject to a three-year statute of limitations, *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995), running from the time a "plaintiff knows or has reason to know of the injury" giving rise to the claim, *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994) (internal quotation marks omitted).

Covington's involvement in the events giving rise to the suit ended in 2004, when Milan's children were removed from her custody, and the final specific factual allegation against Parker is dated to 2009. The complaint makes clear that Milan knew of the alleged injuries when they occurred. Although Milan claims that Parker has been trying to sabotage her visits with one of her children since September 2009, this is the sort of conclusory, unsupported allegation that we need not accept when reviewing the dismissal of

the complaint. *See Nielsen*, 746 F.3d at 62. Because the properly alleged events giving rise to claims against Covington and Parker were completed more than three years before the complaint was filed in 2014, these claims are barred by the statute of limitations.

## II. The Claims against Costanza, Davis, and Wertheimer

To avoid *sua sponte* dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of "rights, privileges or immunities secured by the Constitution or laws of the United States." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743-44 (2d Cir. 2003) (internal quotation marks omitted).

Even if Covington and Parker were state actors against whom a timely § 1983 action could be brought, the other defendants were not. Costanza and Wertheimer were law guardians, also known as "attorney[s] for the child," appointed by New York's family court to represent the interests of Milan's children in the custody proceedings. N.Y. Ct. R. 7.2(a). As law guardians, Costanza and Wertheimer were required to "zealously advocate the child[ren]'s position" after consulting with them. *Id.* at 7.2(d). The question of whether law guardians so appointed are state actors has not previously been addressed by this Court.

Other circuits, in determining that law guardians are not state actors for the purpose of § 1983, have relied largely on *Polk County v. Dodson*, 454 U.S. 312 (1981). *See, e.g.*, *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003); *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986) (per curiam). In *Polk County*, the Supreme Court held that public defenders "do[] not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," notwithstanding the fact that the state pays for the services they provide. 454 U.S. at 325. We believe that the analogy of a law guardian to a public defender is apt. Although both are supplied and funded by the state, each acts according to the best interests of the client with "no 'obligation to the mission of the state.'" *Meeker*, 782 F.2d at 155 (quoting *Polk Cty.*, 454 U.S. at 320). Accordingly, we hold that law guardians who act as "attorney[s] for the child" are not state actors for the purposes of suits filed pursuant to § 1983. We thus agree with the district court that dismissal of the claims against law guardians Costanza and Wertheimer was appropriate.

We also affirm the district court's dismissal of the claims against Davis, Milan's mother. The allegations in the complaint indicate that Davis was acting as a private individual and that she was in no sense a state actor. Accordingly, the claims against her were properly dismissed on that basis.

**CONCLUSION**

For the reasons stated above, we AFFIRM the judgment of the district court.