15-3905-cv
*Swergold v. Murray*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand sixteen.

PRESENT:     JOSÉ A. CABRANES,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges,*
            JEFFREY ALKER MEYER,
                    *District Judge.*\*

---

NATHANIEL M. SWERGOLD,

      *Plaintiff-Appellant,*                    15-3905-cv

      v.

KEVIN F. MURRAY, individually, and in his capacity as Deputy Comptroller of the State of New York, ROBERT COUGHLIN, individually, and in his capacity as Counsel to the New York State and Local Employees' Retirement System, THOMAS P. DINAPOLI, individually, and in his capacity as Comptroller of the State of New York, LUKE BIERMAN, individually, and in his capacity as General Counsel for the Comptroller of the State of New York,

      *Defendants-Appellees.*

---

  \* The Honorable Jeffrey Alker Meyer of the United States District Court for the District of Connecticut, sitting by designation.

FOR PLAINTIFF-APPELLANT:                    GEORGE J. SZARY, DeGraff, Foy & Kunz,
                                            LLP, Albany, NY.

FOR DEFENDANTS-APPELLEES:                   KATE H. NEPVEU, Assistant Solicitor
                                            General (Barbara D. Underwood, Solicitor
                                            General, and Andrew D. Bing, Deputy
                                            Solicitor General, *on the brief*), for Eric T.
                                            Schneiderman, Attorney General of the
                                            State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Nathaniel M. Swergold ("Swergold") appeals from a November 5, 2015 judgment of the District Court, which dismissed his complaint as untimely. Swergold brought this action pursuant to 42 U.S.C. § 1983, alleging that defendants-appellees—New York State employees who administer the New York State and Local Retirement System ("NYSLRS")—violated his due process rights by wrongfully revoking his retirement benefits and by issuing a press release announcing the revocation. On appeal, Swergold argues that the District Court erred in holding that his claim was foreclosed by the statute of limitations, that he is entitled to equitable tolling, and that he is entitled to summary judgment on the issue of liability. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The District Court properly dismissed Swergold's claim as time-barred. A § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotation marks omitted). Here, Swergold alleges a so-called "stigma plus" deprivation, *i.e.*, "an injury to one's reputation (the stigma) coupled with the deprivation of some 'tangible interest' or property right (the plus), without adequate process." *Segal v. City of New York*, 459 F.3d 207, 212 (2d Cir. 2006) (some internal quotation marks omitted). Accordingly, his claim accrued when both the "stigma" and the "plus" were present—in this case, in May 2008, when defendants revoked Swergold's retirement benefits and issued a press release announcing the revocation without a predeprivation hearing.[1] Because § 1983 claims in New York are subject to a three-year statute of limitations, *Milan v. Wertheimer*, 808

---

[1] We assume *arguendo* that a predeprivation hearing was required, as Swergold argues.

2

F.3d 961, 963 (2d Cir. 2015), the limitations period expired in May 2011. This suit, which was commenced on November 20, 2014, is therefore untimely.

Swergold offers two arguments to the contrary, neither of which has merit. First, he argues that he could not have known that he was injured until July 19, 2013, when defendants reversed their earlier determination that Swergold was ineligible for NYSLRS retirement benefits. But to commence this suit, Swergold needed only to allege, not to prove, that defendants had wrongfully revoked his benefits and issued a stigmatizing press release without adequate process. *See Segal*, 459 F.3d at 212 n.5. Indeed, Swergold made substantially similar allegations in the state-court action he commenced on May 23, 2008.

Second, Swergold argues that his stigma-plus claim would have been unripe until July 19, 2013, pursuant to Judge Kahn's decision in *D'Agostino v. DiNapoli*, No. 1:09-CV-1347, 2010 WL 2925703, at *1 (N.D.N.Y. July 20, 2010). To the extent that Swergold interprets *D'Agostino* to mean that Swergold could not have commenced this action before he received a final administrative determination of his eligibility for retirement benefits, that interpretation conflicts with settled Second Circuit law, as discussed above.[2] Regardless of whether *D'Agostino* does in fact conflict with our precedents, that decision does not justify equitable tolling. Neither a plaintiff's reliance on an erroneous district court decision that is contrary to established Second Circuit law nor a plaintiff's misreading of a sound district court decision would constitute an "extraordinary circumstance" that "stood in the way of his bringing a lawsuit." *See Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 801 (2d Cir. 2014) (brackets omitted and internal quotation marks omitted); *cf. Vill. of Freeport v. Barrella*, 814 F.3d 594, 609 n.59 (2d Cir. 2016) (noting that a district court's confusion about an issue does not "alter the clarity of existing law" as established by this Court).

## CONCLUSION

We have reviewed all of the arguments raised by Swergold on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] We intimate no view as to the merits of *D'Agostino*, which is not before us.