Pepin v. N.Y.C. Dep't of Educ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand sixteen.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          GERARD E. LYNCH,
               *Circuit Judges.*

_____

MILCIADES PEPIN,
          *Plaintiff-Appellant*,

v.                                                No. 16-854-cv

NEW YORK CITY DEPARTMENT OF
EDUCATION,
          *Defendant-Appellee*.

_____

FOR APPELLANT**:**          Milciades Pepin, *pro se*, Bronx, New York.

FOR APPELLEE**:**           Deborah A. Brenner, Antonella Karlin,
                            Assistant Corporation Counsels, *for* Zachary
                            W. Carter, Corporation Counsel of the City of
                            New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District

of New York (Edgardo Ramos, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on March 4, 2016, is AFFIRMED.

Plaintiff Milciades Pepin, proceeding *pro se*, appeals the dismissal of his due process claim against the New York City Department of Education ("DOE") pursuant to 42 U.S.C. § 1983 for depriving him of his teaching license and placing a "problem code" on his employment file, preventing him from obtaining a Certificate of Eligibility, which was then necessary to be considered for employment in a supervisory role at DOE schools. The district court dismissed Pepin's complaint as barred by the applicable three-year statute of limitations. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

We review *de novo* a district court's dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *Barrows v. Burwell*, 777 F.3d 106, 111 (2d Cir. 2015). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. at 678.

2

The statute of limitations for a § 1983 claim accruing in New York is three years. *See Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015). A § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Covington v. City of New York*, 171 F.3d 117, 121 (2d Cir. 1999) (citations and internal quotation marks omitted). Here, as the district court correctly concluded, Pepin was aware of the basis for his claim in October 2010—more than three years prior to the filing of his federal complaint—when his employment was discontinued for misconduct and he was placed on the "ineligible/inquiry" list. Accordingly, Pepin's § 1983 claim was time-barred when he filed the complaint initiating this civil action on December 8, 2014.

Pepin's argument to the contrary is unavailing. He contends that he believed that the problem code was removed from his employment file following litigation that concluded partially in his favor in 2014, when a state court ordered the removal of any problem code "supported by the annulled unsatisfactory rating, unsubstantiated misconduct recited in a Special Commissioner of Investigations report, or misconduct not documented in [Pepin's] employment file." J.A. 50. He argues that he was not aware of the problem code remaining on his file until he reapplied for DOE employment in 2014. Pepin was aware, however, that he had a problem code placed on his employment file in October 2010 and that the state court's decision expressly did not *completely* remove that code from his file. While the remaining problem code did not affect Pepin until April 2014 when he reapplied for DOE employment, that fact does not change the date of

3

accrual. *See Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) (explaining that continuing effects of time-barred claim are not sufficient to establish exception to statute of limitations).

We have considered Pepin's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court