Moreau v. Peterson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand seventeen.

**PRESENT:**
> **ROSEMARY S. POOLER,**
> **PETER W. HALL,**
> **RAYMOND J. LOHIER, JR.,**
> *Circuit Judges.*

_____

**Emile Moreau (State Prisoner: 04-A-1588; State Prisoner: 04A1588),**

> *Plaintiff – Appellant*,

> **v.**                                                                        **15-2534**

**Den Peterson, et al.,**
> *Defendants – Appellees.*

_____

**FOR APPELLANT:**                  Emile Moreau, pro se, Napanoch, NY.

**FOR APPELLEES:**                  Barbara D. Underwood, Solicitor General,
                                                     Michael S. Belohlavek, Senior Counsel,
                                                     Philip V. Tisne, Assistant Solicitor General, *for*
                                                     Eric T. Schneiderman, Attorney General of the
                                                     State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Roman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Emile Moreau, pro se, appeals from the district court's dismissal of his 42 U.S.C. § 1983 claims of racial discrimination and retaliation against five defendants in the Department of Corrections and Community Supervision ("DOCCS"). Moreau's complaint is liberally read to set forth six claims. It alleges that DOCCS employees at the Green Haven Correctional Facility's GED program discriminated against him on the basis of race and retaliated against him after he filed grievances; that the facility's superintendent acted with deliberate indifference by refusing to transfer him to a different facility; and that a corrections officer retaliated against him and acted with deliberate indifference by placing him in the same cell block as an inmate who had previously attacked him. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review dismissals pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) de novo. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *Cayuga Nation v. Tanner*, 824 F.3d 321, 327 (2d Cir. 2016). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is

2

"inapplicable to legal conclusions." *Id.*

Upon review, we conclude that the district court properly dismissed four of Moreau's claims for failure to exhaust administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). As an inmate in the custody of DOCCS, Moreau was subject to a three-step grievance process whereby grievances could be filed with a review committee, appealed to the facility superintendent, and then appealed to the DOCCS Central Office Review Committee. 7 N.Y.C.R.R. § 701.5. Moreau did not file grievances for four of his six claims, and is therefore unable to pursue them under the PLRA.[1]

The district court properly dismissed one of Moreau's remaining exhausted claims, for racial discrimination against defendant Peterson, as untimely. Section 1983 claims in New York are subject to a three-year statute of limitations that runs from the time the "plaintiff knows or has reason to know of the injury giving rise to the claim." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (internal quotation marks and citations omitted). This period is tolled while a plaintiff is "actively exhausting his administrative remedies." *Gonzalez v. Hasty*, 651 F.3d 318, 322-24 (2d Cir. 2011). Moreau alleged that a defendant discriminated against him on April 8, 2010, and pursued his administrative remedies for 87 days. The statutory deadline for this claim expired in July of 2013, and Moreau filed his complaint much later, on December 27, 2013.

Moreau's remaining claim, alleging retaliation by three defendants on September 29, 2010, fails for lack of a plausible causal connection between his grievance and the defendants' alleged

---

[1] Although Moreau claims that he was unable to file grievances concerning the subjects of some of his claims, this argument appears inconsistent with the fact that he filed grievances for other claims in the same time period, and that those grievances were processed fully. Additionally, the materials he cites to document his inability to file grievances do not show (or even suggest) that he tried to initiate grievances for the claims that the district court dismissed for failure to exhaust administrative remedies.

3

retaliation. *See Davis v. Goord*, 320 F.3d 346, 352–53 (2d Cir. 2003). For example, an exhibit to the complaint contains a statement from the prison system that Moreau would have failed the practice test regardless of his performance on the essay, which was the portion of his test with which the defendants allegedly interfered.

We have considered all of Moreau's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4