16-1496-cv
Driessen v. Royal Bank of Scotland

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of May, two thousand seventeen.

PRESENT: BARRINGTON D. PARKER,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

-----------------------------------------------------------------------

ROCHELLE DRIESSEN,

*Plaintiff-Appellant*,

v.                                                                    No. 16-1496-cv

ROYAL BANK OF SCOTLAND, a brand of the ROYAL BANK
OF SCOTLAND GROUP,

*Defendant.*[1]

-----------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:                    Rochelle Driessen, Miami Beach, FL.

Appeal from a March 30, 2016 judgment of the United States District Court for the District of Connecticut (Thompson, *J.*; Merriam, *M.J.*).

---

[1] The Clerk of Court is respectfully directed to amend the official caption to conform with the caption above.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Rochelle Driessen, proceeding *pro se*, appeals from a judgment of the United States District Court for the District of Connecticut dismissing her complaint as frivolous. Driessen's complaint alleged that she received an email informing her that she had won £750,000 from the "Google lottery." The complaint further alleged that she responded to the email and attempted to claim her winnings from Defendant Royal Bank of Scotland ("RBS"). The instructions that Driessen received in reply led her to exchange email correspondence with an individual purportedly associated with RBS. In her complaint, Driessen claimed that RBS prevented her from transferring her winnings by refusing to provide her with a "Non Residential Tax Code" in violation of the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693 *et seq*.

Driessen had sought to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). The district court, in accepting a recommended ruling from a magistrate judge, determined that Driessen's claim was legally and factually frivolous, however, and dismissed her complaint *sua sponte* in accordance with 28 U.S.C. § 1915(e)(2)(B)(i). We assume familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015). "A district court must dismiss an *in forma pauperis* action if the action is frivolous . . . . An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

The district court correctly concluded that Driessen's complaint was frivolous and therefore properly dismissed it. Driessen's claim was founded on a clearly baseless notion that she had won a lottery rather than been the target of an obvious scam. As the district court explained, Driessen, who has a long history of filing claims that are virtually identical to her claim in this case, should have known that "there is no such thing as a Google lottery that randomly selects winners without their knowledge to award large sums of money." Indeed, Driessen should have realized that whomever she was communicating with was not connected to RBS, and that RBS cannot possibly be held liable.

2

Driessen's arguments that the district court misapplied *Neitzke v. Williams*, 490 U.S. 319 (1989), and should have given her leave to amend her complaint are not persuasive. The district court properly applied *Neitzke*'s holding that an action is not frivolous merely because it fails to state a claim upon which relief can be granted. *See id.* at 328. We have already explained why Driessen's claim is obviously frivolous. Giving Driessen leave to amend her complaint could not have cured the complaint's deficiencies, and was therefore properly denied. *See Krys v. Pigott*, 749 F.3d 117, 134 (2d Cir. 2014) ("Leave to amend may properly be denied if the amendment would be futile . . . .").

We have considered Driessen's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3