17-3270-cv
*Adams v. Netflix, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand eighteen.

PRESENT:  JOSÉ A. CABRANES,
          GERARD E. LYNCH,
          SUSAN L. CARNEY,
                    *Circuit Judges.*

_____

BOBBIE LEE ADAMS, III,

       *Plaintiff-Appellant,*

       v.                            17-3270-cv

NETFLIX, INC.,

       *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:        Bobbie Lee Adams, III, *pro se*, Norwich, CT.

FOR DEFENDANT-APPELLEE:        Tonia Ouellette Klausner, Wilson Sonsini Goodrich & Rosati, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 3, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Bobbie Lee Adams, III, proceeding *pro se*, appeals from a November 3, 2017 judgment in favor of Netflix, Inc. ("Netflix"). Adams alleged that Netflix violated various provisions of the United States Constitution and the United States Code by continuing to charge him for its streaming service after he had cancelled it. He claimed $75,020.16 in damages: $20.16 for the subscription fee, $50,000 for pain and suffering, and $25,000 in punitive damages. The magistrate judge recommended that the District Court *sua sponte* dismiss the action under 28 U.S.C. § 1915(e)(2)(B)[1] for lack of subject matter jurisdiction. The District Court adopted the recommendation over Adams's objections. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's *sua sponte* dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B). *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015). We afford a *pro se* litigant "special solicitude" and interpret the complaint "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and alterations omitted). Although a district court should typically refrain from dismissing a *pro se* complaint without permitting at least one opportunity to amend, it may deny leave to amend when amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Upon review, we conclude that Adams failed to plead facts sufficient to establish either federal question or diversity jurisdiction, and therefore affirm the District Court's judgment.

Adams's claims "fail[ ] to raise a colorable federal question" because they are "foreclosed by Supreme Court [and] Second Circuit precedent." *Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 128 (2d Cir. 2016); *see also Bailey Patterson*, 369 U.S. 31, 33 (1962) (holding that federal question jurisdiction does not exist when the claim is "wholly insubstantial, legally speaking nonexistent"). He argues that federal question jurisdiction exists because Netflix justified its purportedly fraudulent scheme by invoking a federal statute. But it is well established that a federal defense does not give rise to federal question jurisdiction. *See, e.g.*, *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005) ("[A]

---

[1] 28 U.S.C. § 1915(e)(2)(B) provides, in relevant part:

[T]he court shall dismiss the case at any time if the court determines that . . .

  (B) the action or appeal--

    (i)   is frivolous or malicious; [or]

    (ii)  fails to state a claim on which relief may be granted . . . .

plaintiff may not create federal subject-matter jurisdiction by alleging in his complaint that the defendant's (anticipated) federal defense should fail."). Nor can Adams establish federal question jurisdiction by citing the United States Constitution. Netflix is not a state actor, and Adams did not allege that Netflix engaged in anything resembling state action. *See Cranley v. Nat'l Life Ins. Co. of Vermont*, 318 F.3d 105, 111 (2d Cir. 2003) ("[A] litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" (internal quotation marks omitted)).

Adams's attempt to establish diversity jurisdiction fares no better. He contends that he satisfied the amount-in-controversy requirement of 28 U.S.C. § 1332(a)[2] because he alleged $75,020.16 in damages: $20.16 for the non-refunded subscription fee, $50,000 for the pain and suffering he experienced, and $25,000 in punitive damages. Although "we recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy," this presumption can be overcome when it is "a legal certainty" that the jurisdictional threshold cannot be met. *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (internal quotation marks omitted). And it is overcome here: even if successful, Adams cannot recover $25,000 in punitive damages because under Connecticut law common-law punitive damages are limited "to litigation expenses, such as attorney's fees," *Hylton v. Gunter*, 97 A.3d 970, 978 (Conn. 2014), and Adams is proceeding *pro se*.

Finally, although neither the magistrate judge nor the District Court addressed whether Adams should have been given leave to amend, we conclude that leave to amend would have been futile. *See Cuoco*, 222 F.3d at 112. Adams has failed to demonstrate any tenable basis for the District Court to assume subject matter jurisdiction over his complaint.

## CONCLUSION

We have reviewed all of the arguments raised by Adams on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the November 3, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] 28 U.S.C. § 1332(a) provides, in relevant part, that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the parties exhibit diversity of citizenship.

3