*Sides v. Paolano*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand nineteen.

PRESENT:
> JOHN M. WALKER, JR.,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> JOHN G. KOELTL,
> > *District Judge.*\*

---

DARRICK LEE SIDES,

> *Plaintiff-Appellant*,

> v.                                                                No. 18-1273

DOCTOR PAOLANO, COXSACKIE MEDICAL UNIT, individually and officially, DOCTOR JON MILLER, COXSACKIE MEDICAL UNIT, individually and officially, P. SNYDER, NURSE COXSACKIE MEDICAL UNIT, individually and officially, P. SCHMIDT, NURSE COXSACKIE MEDICAL UNIT, individually and officially,

---

\* Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

*Defendants-Appellees,*

V. BALDWIN, NURSE ADMINISTRATOR COXSACKIE MEDICAL UNIT, individually and officially, JAMES WEISBERGER, LABORATORY DIRECTOR; BIOREFERENCE LAB, INC., individually and officially, BIOREFERENCE LABORATORIES, INC.,

*Defendants.*
_____

FOR APPELLANT:                          VALDI LICUL (Yannick A. Grant, *on the brief*), Vladeck, Raskin & Clark, P.C., New York, NY.

FOR APPELLEES:                          PATRICK A. WOODS, Assistant Solicitor General (Barbara D. Underwood, Solicitor General; Victor Paladino, Assistant Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*)

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 29, 2018, is **VACATED** and **REMANDED** for further proceedings consistent with this Order.

Plaintiff-Appellant Darrick Lee Sides, an inmate at Coxsackie Correctional Facility ("Coxsackie"), appeals from the District Court's grant of summary judgment in Defendants' favor on his claims, brought under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. Sides contends that, in August and September of 2012, he was denied adequate medical care with respect to his anemia and hemorrhoid condition. It is undisputed that he filed his complaint no earlier than October 1, 2015, and that claims brought under Section 1983 and filed in New York are subject to a three-year statute of limitations. *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015). We assume the parties' familiarity with the underlying facts, procedural history, and

arguments on appeal, to which we refer only as necessary to explain our decision to vacate the judgment of the District Court and remand for further proceedings consistent with this order.

We review *de novo* an order granting summary judgment under Rule 56, construing all record evidence in the light most favorable to the non-moving party. *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015). We will affirm an order granting summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Section 1983 claims brought in New York ordinarily accrue when the "plaintiff knows or has reason to know of the injury" on which his claim is based. *Milan*, 808 F.3d at 963. The continuing violation doctrine, however, creates an "exception to the normal knew-or-should-have-known accrual date." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). That doctrine "can apply when a prisoner challenges a series of acts that together comprise an Eighth Amendment claim of deliberate indifference to serious medical needs," but it may be invoked only on a showing "both [of] the existence of an ongoing policy of deliberate indifference to his or her serious medical needs and some non-time-barred acts taken in the furtherance of that policy." *Id.* at 182 (alterations omitted).

On appeal, Sides does not dispute that he was aware of his injury during August 2012, when he filed a grievance concerning his medical condition and purportedly substandard care. He further alleges actions taken in violation of his rights occurred in September 2012, when, according to his deposition testimony, he believed that his treatment was "unreasonabl[y] delay[ed]." App'x 139-140. The "last […] act" of deliberate indifference, *Shomo*, 579 F.3d at 181, occurred no later than September 28, 2012, when Sides was sent to Albany Medical Center for a colonoscopy and hemorrhoidectomy. At that point, he was no longer in Defendants' care, and he does not allege otherwise. The continuing violation doctrine does not extend the accrual date of the plaintiff's claim beyond that date. Accordingly, the three-year limitations period began to run no later than September 28, 2012.

3

As to when Sides filed his complaint: Under the prison mailbox rule, a *pro se* prisoner's complaint is deemed filed upon its delivery to prison authorities for transmittal to the district court. *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993). Sides testified that he forwarded his complaint to authorities for mailing in "early October" 2015. App'x 135. Since this was more than three years after the limitations period began to run it was untimely, unless equitable tolling applies. *See Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005).

Sides asserts that he is entitled to equitable tolling to account for the eight days between September 21, 2015, when he requested the prison provide a notary to assist him in finalizing his complaint, and September 29, 2015, when he received the requested assistance. Equitable tolling applies "only in rare and exceptional circumstances, where . . . extraordinary circumstances prevented a party from timely performing a required act, and . . . the party acted with reasonable diligence throughout the period he sought to toll." *Walker*, 430 F.3d at 564 (brackets, alterations, and internal quotation marks omitted). The District Court considered whether Sides's allegations of delayed access to his medical records justified tolling, pressed by him in that court, and answered that question in the negative. *Sides v. Paolano*, No. 915-CV-1203(MAD)(CFH), 2018 WL 1578161, at *4 (N.D.N.Y. Mar. 29, 2018). Sides does not appeal that ruling. The District Court has not yet ruled, however, on the argument that Sides emphasizes on appeal: whether Sides's inability to access notary services during the eight days between September 21 and 29 entitles him to equitable tolling.[1] Appellant's Reply at 8-10. He alleges that a pro se handbook and a prisoner manual counseled (perhaps erroneously) that complaints be notarized; and it is true that complaints

---

[1] The District Court briefly considered this argument in its opinion granting Sides's *in forma pauperis* application. There, the court noted that:

> On initial review, the court is required to screen the complaint and dismiss frivolous claims. Plaintiff claims that he attempted to obtain a notary on September 21, 2015 but that the services were delayed by the facility until September 29, 2015. At this early stage, plaintiff's claims do not appear to be time barred.

App'x 49. In its order granting appellees' motion for summary judgment, however, the court did not address whether Sides's inability to access notary services entitled him to equitable tolling.

4

seeking preliminary injunctive relief (as Sides did) ordinarily require notarizations. *See, e.g.,* Northern District of New York Local Rule 7.1(a) (explaining that "all motions and opposition to motions require a memorandum of law, *supporting affidavit*, and proof of service on all the parties." (emphasis added)). Because we owe special solicitude to a *pro se* claimant, and Sides appears to have filed his complaint within days of the September 28 deadline, we vacate the judgment of dismissal and remand the cause to allow the District Court to determine in the first instance whether equitable tolling should apply based on the circumstances of this case, including the notary's temporary unavailability.

Appellees raised other defenses with the District Court. These included qualified immunity and Sides's failure in conflict with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), to exhaust administrative remedies. We invite the District Court to consider these and other defenses on remand, as it deems suitable.

* * *

Accordingly, we **VACATE** the judgment of the District Court and **REMAND** the cause for further proceedings consistent herewith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court