Daum v. Devlin

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

> **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26ᵗʰ day of June, two thousand twenty-three.**

**PRESENT:**
> **BARRINGTON D. PARKER,**
> **MICHAEL H. PARK,**
> **ALISON J. NATHAN,**
> > *Circuit Judges.*

**Terry Daum,**

> *Plaintiff-Appellant,*

> **v.**                                                          21-997-pr

**Captain Devlin, Sergeant Cross, Corrections Officers C. Stickney,**

> *Defendants-Appellees.*\*

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

**FOR PLAINTIFF-APPELLANT:** ADAM L. DEMING, Boston, MA (John E. Roberts, Boston, MA; Mark D. Harris, Shiloh Rainwater, New York, NY, *on the brief*), Proskauer Rose LLP.

**FOR DEFENDANTS-APPELLEES:** CHRIS LIBERATI-CONANT, Assistant Solicitor General (Jeffrey W. Lang, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, *on the brief*), *for* Letitia James, Attorney General of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED**.

Plaintiff-Appellant Terry Daum appeals from the district court's dismissal of his Eighth Amendment claims for sexual abuse and failure to intervene against Defendants-Appellees Correction Officer Chad Stickney, Captain Patrick Devlin, and Sergeant Cross. At the time of the alleged incidents, Daum was an inmate at Clinton Correctional Facility in Dannemora, New York. Daum alleges that correctional officers sexually abused him during two pat-frisks. First, after setting off a metal detector, a correctional officer pat frisked Daum, which allegedly involved the officer groping "plaintiff's genitals several times," "utiliz[ing] his hand to aggressively rub against plaintiff's rectum several times (like a credit card swipe)," and "attempt[ing] to jam his finger tips into plaintiff's rectum." Am. Compl. ¶ 12. After Daum called his brother about the

2

incident, his brother called the facility to complain. Following his brother's complaint, Daum was allegedly taken from his cell and, before "at least ten officers," was subject to a second pat-frisk. *Id.* ¶ 16. He allegedly "experienced a credit-card swipe against his rectum" again. *Id.* Daum sued pro se under 42 U.S.C. § 1983 for sexual abuse and failure to intervene in violation of the Eighth Amendment.

The district court granted Daum in forma pauperis status, and under 28 U.S.C. §§ 1951(e), 1915A conducted a *sua sponte* "initial screening" of "the sufficiency of the allegations set forth in the complaint." App'x at App38. The district court dismissed the sexual-abuse claim because (1) Daum did not "claim that the pat-frisk searches were conducted for any improper purpose," (2) "the allegations . . . are not sufficiently extreme, repetitive, or severe to give rise to [a] constitutional violation," and (3) "Daum has not alleged that he sustained any physical injury as a result of the incidents." *Id.* at App46-47. The district court dismissed the failure-to-intervene claim for the same reasons. Although the district court granted Daum's motion to amend, the district court adopted its prior analysis and reaffirmed its dismissal. On appeal, Daum argues that the district court misapplied this Court's decision in *Crawford v. Cuomo* (*Crawford I*), 796 F.3d 252 (2d Cir. 2015), which sets forth the framework for Eighth Amendment sexual-abuse claims. Defendants contest Daum's arguments under *Crawford I* and also raise, for the first time on appeal,

3

the defense of qualified immunity. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

We vacate and remand the district court's dismissal of Daum's Eighth Amendment claims because the district court did not properly apply *Crawford I*. Under *Crawford I*, "severe or repetitive sexual abuse of an inmate" may constitute an Eighth Amendment violation, including "a single incident of sexual abuse, if sufficiently severe or serious." 796 F.3d at 257. "[A]n inmate need not allege that there was penetration, physical injury, or direct contact with uncovered genitalia." *Id.* "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." *Id.* Here, the district court dismissed Daum's sexual-abuse claim for failure to allege "any improper purpose," "repetitive[] or severe" conduct, and "any physical injury as a result of the incidents." App'x at App46-47. But to state an Eighth Amendment sexual-abuse claim under *Crawford I*, Daum was not required to allege "physical injury" or repetition. *Crawford I*, 796 F.3d at 257. Moreover, Daum's allegations about (1) the short gap in time between his brother's complaint and the second pat-frisk and (2) the lack of any intervening incidents giving rise to suspicion permit a plausible inference that the second pat-frisk lacked a "penological purpose" and was "undertaken with the intent to . . . humiliate." *Id.* The district court's analysis of Daum's failure-to-intervene claim

---

[1] "We review *de novo* a district court's dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). We accept as true all facts described in the complaint." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (citation omitted).

4

relied exclusively on its analysis of his sexual-abuse claim, so we vacate the dismissal of Daum's failure-to-intervene claim for the same reason.

On remand, the district court should also consider qualified immunity. Although we may consider qualified immunity even when Defendants did not raise the defense in the district court, *see Burns v. Martuscello*, 890 F.3d 77, 94 n.4 (2d Cir. 2018), we decline to exercise that discretion here.

For the foregoing reasons, the judgment of the district court is **VACATED** and **REMANDED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5