25-1331-cv
*Peterkin v. Div. of Licensing Servs.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty-six.

PRESENT:
> GUIDO CALABRESI,
> MICHAEL H. PARK,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

———————————————————————

Meuris Peterkin,

> *Plaintiff-Appellant,*

> v.                                                                   25-1331

Division of Licensing Services, Department
of State Licensing,

> *Defendants-Appellees.*

———————————————————————

FOR PLAINTIFF-APPELLANT:                    Meuris Peterkin, pro se,
                                            Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:                   No appearance.


Appeal from a judgment of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Meuris Peterkin, who proceeds *pro se*, appeals from the district court's judgment *sua sponte* dismissing his 42 U.S.C. § 1983 complaint without prejudice. Peterkin alleged that the New York Department of State's Division of Licensing Services violated his right to equal protection by delaying the renewal of his unarmed security guard license. The district court *sua sponte* dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(iii),[1] concluding that it was barred by Eleventh Amendment immunity, and that, in any event, Peterkin did not plausibly allege a constitutional violation. *Peterkin*, 2025 WL 1191689, at *3. It also denied leave to amend as futile. *Id.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] The district court granted Peterkin in forma pauperis ("IFP") status before dismissing his complaint. *See Peterkin v. Div. of Licensing Servs.*, No. 24-cv-3261(LDH), 2025 WL 1191689, at *1 (E.D.N.Y. Apr. 23, 2025).

"We review *de novo* a district court's dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015). When "a district court's denial of leave to amend . . . was based on an interpretation of law, such as futility," we "review the legal conclusion *de novo*." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). Because Peterkin "has been *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

"Because state sovereign immunity is a jurisdictional limitation on the power of federal courts, . . . [it] raises a threshold question that must be resolved before proceeding to the merits." *Baroni v. Port Auth. of N.Y. & N.J.*, 161 F.4th 48, 54 (2d Cir. 2025) (cleaned up). "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). The Eleventh Amendment's protection extends to "state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." *Garrett*, 531 U.S. at 363 (cleaned up).

The district court properly dismissed Peterkin's complaint for damages under

3

§ 1983 as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) (requiring dismissal of an IFP plaintiff's action if the court determines that it "seeks monetary relief against a defendant who is immune from such relief"). As relevant here, § 1983 did not abrogate New York's sovereign immunity, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and New York has not consented to § 1983 suits in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir. 1977). Peterkin identifies no other exception to New York's sovereign immunity. The district court thus lacked jurisdiction over his § 1983 claims for damages against the New York State Department of State and its Division of Licensing Services. *See Baroni*, 161 F.4th at 54. So we affirm without reaching the merits of Peterkin's claims.

The district court also did not err by denying leave to amend as futile. "A *pro se* complaint should not be dismissed without the [c]ourt granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (cleaned up). However, "a futile request to replead should be denied." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, amendment would be futile because Peterkin's claims are barred by the Eleventh Amendment and he fails to explain how an amended complaint would surmount this jurisdictional hurdle. *See Cuoco*, 222 F.3d at 112 ("The problem with

4

[Appellant's] causes of action is substantive; better pleading will not cure it."). Accordingly, the district court did not err by dismissing Peterkin's complaint without leave to amend.

We have considered all of Peterkin's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court