25-1237-cv
*Francois v. Richman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty-six.

PRESENT:
        DENNIS JACOBS,
        RICHARD C. WESLEY,
        BETH ROBINSON,
          *Circuit Judges.*

_____

Wilkenson Francois,

        *Plaintiff-Appellant*,

        v.                                No. 25-1237

Gabriella F. Richman, Support Magistrate,

        *Defendant*.\*

_____

---

\* The Clerk of Court is respectfully directed to amend the caption as reflected above.

FOR PLAINTIFF-APPELLANT:                    Wilkenson Francois, pro
                                                               se, Brooklyn, NY.


FOR DEFENDANT:                                    No appearance.


Appeal from a judgment of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Wilkenson Francois, proceeding *pro se*, appeals from the district court's judgment dismissing his claims on its own initiative.   Francois sued the support magistrate that presided over his family court proceedings, generally alleging that she improperly entered child support orders against him.   Francois initiated this suit before the time to appeal the most recent contested child support enforcement had expired.   The district court dismissed the complaint as seeking monetary relief against a defendant who is immune from that relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), and without leave to amend.   The court concluded that Francois's claims were barred by judicial immunity, and that abstention under *Younger v. Harris*, 401 U.S. 37 (1971), or domestic relations abstention may also be warranted.   *Francois v. Richman*, No. 24-cv-5223, 2025 WL 1207659 (E.D.N.Y. Apr.

24, 2025). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review without deference a district court's dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015). Because Francois has represented himself throughout this action, "his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Shakirov v. Philips Medical Systems MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).[1]

Francois argues that the support magistrate was not entitled to judicial immunity because she was a non-judicial officer performing administrative duties. We disagree.

In the New York court system, the chief administrator of the courts appoints support magistrates "to hear and determine support proceedings." N.Y. Fam. Ct. Act § 439(a).[2] They are authorized to "hear, determine and grant any relief within the powers of the court" in the context of certain types of proceedings, and can

---

[1] In quotations from caselaw, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

[2] Though the New York Legislature has recently and frequently amended this statute, nothing relevant to our analysis has changed since at least 2021.

"hear and decide motions and issue summonses and subpoenas to produce persons" in certain proceedings. *Id.* In short, they function as judicial officers within the court system. *Cf. Santman v. Satterthwaite*, 238 A.D.3d 1156 (N.Y.A.D. 2d Dept. 2025) (referring to magistrate of child support proceedings as judicial officer throughout).

Francois's claims for damages all concern alleged procedural issues with the support magistrate's child support-related findings of fact and orders. Because Francois challenges actions taken "pursuant to [the support magistrate's] judicial power and authority," she is entitled to judicial immunity from his damages claims. *Dieujuste v. Sin*, 125 F.4th 397, 399 (2d Cir.) (granting absolute immunity from damages suit to New York Support Magistrate), *cert. denied*, 146 S. Ct. 119 (2025).

In addition, the Support Magistrate is also entitled to immunity to the extent that Francois's claims can be read to seek injunctive relief. Francois's claims are brought pursuant to 42 U.S.C. § 1983, [3] which provides that, "in any action

---

[3] Francois also alleges that the Support Magistrate violated criminal statutes, 18 U.S.C. §§ 242 and 245, but as the district court correctly held, these are criminal statutes that do not create private rights of action. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (holding there is no private right of action for § 242); *Compton v. Pavone*, No. 21-931, 2022 WL 1039966, at *1 (2d Cir. Apr. 7, 2022) (summary order) (holding there is no private right of

4

brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Francois has not alleged that the magistrate violated any declaratory decree or that declaratory relief is unavailable.

The district court correctly denied leave to amend as futile. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (denying leave to replead a claim where repleading would not be able to overcome the defects in the claim). Because judicial immunity bars Francois's claims, we need not reach arguments about the other bases for the district court's dismissal.

Accordingly, we **AFFIRM** the judgment of the district court.[4]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

action for § 245).

[4] We deny as moot Francois's motion to reverse the district court's decision.