25-976-cv
*Weilburg v. Fitzgerald*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of April, two thousand twenty-six.**

PRESENT:
> JOSÉ A. CABRANES,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> > *Circuit Judges.*

---

DARO C. WEILBURG,

> *Plaintiff-Appellant,*

> v.                                                          25-976-cv

CARLA FITZGERALD, CLERK OF THE
ONEIDA CITY COURT, GEORGE D. ANNAS,
PSYCHIATRIST CONTRACTOR FOR THE
COUNTY OF MADISON, NEW YORK, M.D.,
BRENDAN RIGBY, OFFICER OF THE COURT,
ATTORNEY AT LAW,

> *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:                              Daro C. Weilburg, *pro se*,
                                                                          Cicero, New York.


FOR DEFENDANTS-APPELLEES:                         No appearance.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on February 26, 2025, is **AFFIRMED**.

Plaintiff-Appellant Daro C. Weilburg, proceeding *pro se*, appeals from the district court's judgment *sua sponte* dismissing his claims under 42 U.S.C. §§ 1983 and 1985. Weilburg sued Defendants-Appellees Brendan Rigby (his court-appointed counsel), Carla Fitzgerald (Clerk of the Oneida City Court), and George D. Annas (a psychiatrist), alleging that they conspired to forge a psychological evaluation order and falsify a mental-health-evaluation report in his criminal proceedings in the Oneida City Court. The district court accepted the recommendation of the assigned magistrate judge to *sua sponte* dismiss Weilburg's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)[1] but granted Weilburg leave to amend certain claims. *See Weilburg v. Fitzgerald*, No. 5:24-CV-1189, 2024 WL 4713078 (N.D.N.Y. Oct. 8, 2024), *report and recommendation adopted*, No. 5:24-CV-1189, 2024 WL 4579057 (N.D.N.Y. Oct. 25, 2024). Weilburg filed an amended complaint against Rigby alone. The magistrate judge again recommended *sua sponte* dismissing the amended complaint, pursuant to Section 1915(e)(2)(B), for failure to state a claim. *See Weilburg v. Rigby*, No. 5:24-CV-1189, 2025 WL 625458, at *3 (N.D.N.Y. Jan. 13, 2025), *report and recommendation adopted*, No. 5:24-CV-1189, 2025 WL 624956 (N.D.N.Y. Feb. 26, 2025).

---

[1] 28 U.S.C. § 1915(e)(2)(B) provides that the court shall dismiss the case of a prisoner proceeding *pro se* and *in forma pauperis* at any time if the court determines that the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Weilburg requested and the district court granted an extension of time to file objections to the magistrate's second recommendation, but after Weilburg failed to meet that extended deadline, the district court adopted the recommendation and *sua sponte* dismissed the amended complaint without further leave to amend. *See Weilburg*, 2025 WL 624956, at *1. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.[2]

"We review *de novo* a district court's dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015). Because Weilburg "has been *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

The district court correctly dismissed Weilburg's original complaint. First, Weilburg could not state a claim under the criminal statutes he cited, including 18 U.S.C. §§ 242 and 505, because those statutes have no private cause of action. *See, e.g.*, *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (holding that Section 242 does not provide a private cause of action); *see also Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government.").

Second, Weilburg's Section 1983 and Section 1985 claims also failed to state a claim. With respect to Fitzgerald (the court clerk) and Dr. Annas (the psychiatrist), the district court correctly

---

[2] We deny Weilburg's motion for leave to file exhibits. *See* Fed. R. App. P. 10(a)(1), (e)(2); *Loria v. Gorman*, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002). We deny as moot Weilburg's motion for leave to file a motion pursuant to Federal Rule of Civil Procedure 60(b) in the district court.

concluded that they had absolute immunity from Weilburg's claims for damages. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Moreover, "[a] private actor may be afforded the absolute immunity ordinarily accorded judges performing their authorized judicial functions if the private actor's role is functionally comparable to the roles of those judges, or his acts are integrally related to an ongoing judicial proceeding." *Id.* at 210 (internal quotation marks and citations omitted). Here, Weilburg's allegations against Fitzgerald and Dr. Annas were "integrally related to an ongoing judicial proceeding" and therefore Fitzgerald and Dr. Annas had absolute immunity from suit. *Id.*

As to Rigby, Weilburg's court-appointed attorney, Weilburg failed to plausibly allege that Rigby was a state actor for purposes of Section 1983. *See Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."). Nor did Weilburg plausibly allege that Rigby "acted in concert with [a] state actor to commit an unconstitutional act." *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (internal quotation marks and citation omitted). Although Weilburg made conclusory allegations of concerted action, such allegations are insufficient to survive a motion to dismiss. *See id*. ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a [Section] 1983 claim against the private entity.").

For similar reasons, the original complaint failed to plausibly allege that Rigby conspired

4

with Fitzgerald and Dr. Annas to deprive him of his rights under Section 1985. As we have explained, "[i]n order to maintain an action under Section 1985, a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (internal quotation marks and citation omitted). Here, Weilburg's conclusory assertions that Rigby, Fitzgerald, and Dr. Annas conspired to forge documents, submit a false mental-health examination, and commit fraud upon the court failed to plausibly allege a conspiracy or "a meeting of the minds." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

With respect to the dismissal of his amended complaint, Weilburg has waived appellate review. "[T]he rule in this circuit is that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (internal quotation marks and citation omitted). This rule applies to *pro se* litigants, provided that the report and recommendation "explicitly states that failure to object . . . will preclude appellate review," and cites to the relevant statute and Federal Rules of Civil Procedure. *Id.* (internal quotation marks and citation omitted).

Here, the report and recommendation recommending dismissal of Weilburg's amended complaint provided the required notice to Weilburg. However, even after the district court granted Weilburg's request to extend his deadline to object by several weeks, Weilburg still failed to timely object. He did not file objections until more than a week after the extended deadline had passed,

5

and after the district court had already dismissed his amended complaint and entered judgment. Therefore, Weilburg has waived appellate review of the dismissal of his amended complaint. *See id.* at 89.[3]

\* \* \*

We have considered Weilburg's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Although this Court may excuse Weilburg's waiver in the interest of justice, *see id.*, we discern no basis in the record to do so here because Weilburg does not raise any meritorious challenges to the dismissal of his amended complaint.