25-409-cv
*Campbell v. City of Binghamton, NY*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION SUMMARY ORDER). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand twenty-six.

PRESENT:
> AMALYA L. KEARSE,
> RICHARD C. WESLEY,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

David John Campbell,

> *Plaintiff-Appellant*,

v.                                                                  25-409

City of Binghamton, NY, City of New York, Jared M. Kraham, The Mayor of Binghamton, New York, Chief Joseph Zikuski, Chief of Binghamton Police Department, Detective Bryan Sostowski, a

Detective of Binghamton Police Department,

*Defendants-Appellees.* [*]

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | David John Campbell, *pro se*, Binghamton, NY. |
| FOR DEFENDANTS-APPELLEES: | No appearance. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Anne M. Nardacci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

David John Campbell ("Campbell"), proceeding *pro se*, appeals the district court's judgment *sua sponte* dismissing his amended complaint for failure to state a claim for which relief can be granted. In 2024, Campbell commenced this 42 U.S.C. § 1983 action against, *inter alia*, Defendants-Appellees the City of Binghamton, New York ("Binghamton"), Binghamton Mayor Jared M. Kraham ("Mayor Kraham"), Binghamton Police Department ("BPD") Chief Joseph Zikuski, and BPD Detective Bryan Sostowski, alleging that Defendants-Appellees illegally searched his home and seized his property in violation of the Fourth and Fourteenth Amendment.

After Campbell filed an amended complaint, a magistrate judge recommended dismissing the action in its entirety without leave to amend for failure to state a claim.

_____

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

*Campbell v. City of Binghamton, N.Y.*, No. 24-cv-67 (AMN/ML), 2024 WL 5378956 (N.D.N.Y. Dec. 30, 2024).   The district court adopted the report and recommendation in its entirety and *sua sponte* dismissed Campbell's amended complaint without leave to amend. *Campbell v. City of Binghamton, N.Y.*, No. 24-cv-67 (AMN/ML), 2025 WL 341928 (N.D.N.Y. Jan. 30, 2025).   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)."   *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (*per curiam*). Courts must "liberally construe pleadings and briefs submitted by pro se litigants." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted).   For the reasons outlined below, we affirm the district court's dismissal of Campbell's action without leave to amend.[1]

First, the district court properly concluded that Campbell's amended complaint failed to state a Fourth Amendment claim against Mayor Kraham, BPD Chief Zikuski, and BPD Detective Sostowski for the alleged search of his home or seizure of his property

---

[1] To the extent Campbell challenges the district court's dismissal of his original complaint as to the state court defendants on immunity grounds, we note that this dismissal was appropriate.   Campbell's claims against a state court judge and clerk were barred by judicial and Eleventh Amendment immunity, and his claims against a county clerk's office were barred by the Eleventh Amendment. *See Bliven v. Hunt*, 579 F.3d 204, 209–10 (2d Cir. 2009); *Gollomp v. Spitzer*, 568 F.3d 355, 366–68 (2d Cir. 2009).   The district court dismissed these claims with prejudice, and Campbell's amended complaint thus did not name the court-related persons as defendants.

because Campbell did not plausibly allege their personal involvement. "[I]n this Circuit, personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) (internal quotation marks and citation omitted); *see also Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020). Here, Campbell's amended complaint does not identify any specific wrongdoing by Mayor Kraham and BPD Chief Zikuski. Similarly, although Campbell included plausible facts regarding Detective Sostowki's involvement in obtaining extreme risk protection orders ("ERPOs"), the amended complaint does not allege that Detective Sostowski had any role in the search of Campbell's home and seizure of his property. Without plausible allegations of Mayor Kraham, BPD Chief Zikuski, and Detective Sostowski's personal involvement in the alleged constitutional deprivations, Campbell's claims against these defendants were properly dismissed for failure to state a plausible claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Next, we agree with the district court that Campbell's amended complaint, even when liberally construed, fails to state a Fourteenth Amendment due process claim against Detective Sostowski given the availability of an adequate state post-deprivation remedy, i.e., an Article 78 proceeding. To prevail on a procedural due process claim, Campbell must have alleged that Detective Sostowski "deprived him of a cognizable interest in life, liberty, or property," without constitutionally sufficient process. *Proctor*

4

*v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017). "[T]he Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). "Where a deprivation at the hands of a government actor is random and unauthorized, hence rendering it impossible for the government to provide a pre-deprivation hearing, due process requires only a post-deprivation proceeding." *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003) (internal quotation marks and citation omitted). But "there *is no* constitutional violation (and no available § 1983 action) when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property." *Hellenic*, 101 F.3d at 882.

Because New York's Article 78 proceeding provided an adequate post-deprivation remedy to Campbell's alleged deprivation of property, Campbell's procedural due process claim must be dismissed. *Id.* at 881 (explaining that "Article 78 of the New York Civil Practice Law, an amalgam of the common law writs of certiorari to review, mandamus, and prohibition, provides both a hearing and a means of redress" for constitutional claims). This is true "even though [a] petitioner may not be able to recover the same relief [in an Article 78 proceeding] that he could in a § 1983 suit." *Id.*

Here, we liberally construe the amended complaint to allege that Sostowski deprived Campbell of his property by engaging in random and unauthorized acts, rather

5

than established state procedures. Importantly, however, the amended complaint does not allege that Campbell ever attempted to bring an Article 78 proceeding in New York state court or that such remedy was unavailable to him. If he had engaged in an Article 78 proceeding, Campbell would have been afforded the opportunity to pursue compensation for his seized property and seek subsequent judicial review under Article 78. Based on the above, the district court properly concluded that Campbell received all the process that was due to remedy the alleged seizure of his property. Because Campbell had an adequate post-deprivation remedy under Article 78, we affirm the dismissal of Campbell's procedural due process claim against Sostowski for failure to state a claim.

Finally, Campbell failed to state a § 1983 claim against the City of Binghamton. Although Campbell's amended complaint contains allegations regarding certain misconduct by Binghamton employees, it does not include any plausible facts suggesting that Binghamton's execution of its policies or customs caused the alleged Fourth and Fifth Amendment violations. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Therefore, we affirm the dismissal of Campbell's complaint against Binghamton for failure to state a claim. We have considered all of Campbell's remaining arguments and find them to be without merit.

*       *       *

6

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court